IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-312-ECM-SMD |
| v. | ) |
| | ) |
| THE UNITED STATES PROBATION OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jason Thomas ("Thomas") filed a complaint in the Southern District of Alabama, which he later amended. Compl. (Doc. 1) p. 1; Amended Compl. (Doc. 10). The case was then transferred to this Court. Order (Doc. 12); Transfer (Doc. 13). After the case was transferred, Defendants filed a Motion to Dismiss Thomas's amended complaint. Mot. (Doc. 19). The undersigned entered an order (Doc. 21) directing Thomas to show cause, if any there be, why the motion should not be granted. The undersigned afforded Thomas until September 27, 2023, to file his response. Order (Doc. 21). Thomas did not file a response.

In reviewing the docket, the undersigned observed that the show cause order returned with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Order (Doc. 23) p. 1. The undersigned noted that, if Thomas did not receive the undersigned's order, this could explain his failure to respond. *Id*. Thus, the undersigned ordered Thomas to update his contact information with the Court by

December 11, 2023. *Id*. at 2. The undersigned warned Thomas that "**if he [did] not update his information by that time, the undersigned [would] recommend that his case be dismissed for failure to prosecute and abide by Court orders.**" *Id*. (emphasis in original). In that order, the undersigned also afforded Thomas additional time to respond to Defendants' motion to dismiss. *Id*.

In an attempt to ensure that Thomas received the undersigned's order, the undersigned directed the Clerk of Court to contact Thomas at the telephone number he provided and attempt to secure his updated mailing address. *Id*. If the Clerk was unsuccessful in contacting Thomas at the number he provided, the undersigned directed the Clerk to send the order via certified mail to the current address provided by Thomas. *Id*. at 2-3. On December 15, 2023, a copy of the undersigned's order, mailed via certified mail, was returned as undeliverable. And as of today, Thomas has not updated his address or filed a response opposing Defendants' motion to dismiss. The time for doing so has passed. Further, it does not appear that Thomas has taken any action in this case since April 26, 2023, when he filed his amended complaint and was issued a summons on May 5, 2023, by the Southern District of Alabama.

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the plaintiff fails to prosecute or to comply with procedural rules or an order of the court. FED. R. CIV. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that is appropriate only "where there is a

clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

Here, dismissal is appropriate as Thomas has been provided more than a reasonable opportunity to prosecute this action. Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a pro se party personally and provide that party's "address, e-mail address, and telephone number." FED. R. CIV. P. 11(a). Thus, pro se litigants have an obligation to keep the Court informed of their correct address and contact information. Failure to do so prevents the Court and the defendants from having a meaningful exchange with the pro se litigant and it thwarts the Court's authority to enforce its orders and ensure prompt disposition of lawsuits. Thomas has been forewarned that his failure to update his contact information and/or respond to Defendants' motion to dismiss would result in a recommendation that his case be dismissed for failure to prosecute and abide by Court orders. In addition to Thomas's failure to respond to the Court's orders, Thomas has taken no action of any kind in this matter for more than seven months, indicating to the undersigned that he has abandoned prosecution. As such, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Thomas's amended complaint (Doc. 10) be DISMISSED for failure to prosecute and abide by Court orders and that Defendants' Motion to Dismiss (Doc. 19) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 16, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of January, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE